VOORHEES RUBBER COMPANY *vs.* THE BRUNSWICK BALKE-COLLENDER COMPANY.

1.  CONTINUANCE—AFFIDAVIT—WHO SHOULD MAKE.
     To support an application, the affidavit should be made by a party to the action, when the fact relied upon for the continuance is not a matter of record.

2.  CONTINUANCE—APPLICATION—SUFFICIENCY.
     In case of a corporation party, the affidavit for continuance should be made by the president, treasurer, or cashier, and it should appear that there is reasonable expectation of return of witness in time to testify at the term to which the case is sought to be continued, or the procurement of the deposition of the witness by the next term.

(*March 7*, 1919.)

BOYCE and CONRAD, J. J., sitting.
*Herbert H. Ward* (of Ward, Gray and Neary), for plaintiff.
*Thomas F. Bayard* for defendant.
Superior Court, New Castle County, March Term, 1919.

SUMMONS CASE, No. 58, January Term, 1918.
Action by the Voorhees Rubber Company against the Brunswick-Balke-Collender Company.  On motion of defendant for a continuance to the succeeding term.  Motion refused.

The motion was based upon two affidavits, as stated in the opinion of the court, neither of which was made by the president, treasurer or cashier of the defendant company.  It did not appear in either affidavit that the company had reasonable expectation

of the return of the absent witness in time to testify at, or that the company would procure the deposition of the witness by, the next term of court.

Mr. Ward, for plaintiff, objected to the continuance on the grounds (1) that the affidavits were not made by the proper parties; (2) that they held out no hope of an early return of the absent witness, or a return within any period of future time; (3) that a similar motion was made and granted at the last term, and that the defendant, therefore, had two months' time in which to have obtained the deposition of the witness.

Mr. Bayard, for defendant, contended (1) that the affidavits being made by defendant's "credit manager" and associate counsel of the defendant, respectively, came within the spirit, if not the letter, of the rulings of the court; (2) that the absent witness is now in France, engaged in Y. M. C. A. work with the American Expeditionary Forces, that he is absent without the consent or procurement of the defendant, directly or indirectly, and that it is impossible to indicate in said affidavits the time of his return; (3) that the range and scope of the knowledge of the absent witness is so wide and extensive, and covers so many and varied subjects, that the deposition of the witness, if taken, would not adequately serve the defendant.

CONRAD, J., delivering the opinion of the court:

This case, on the application of the defendant supported by the affidavit of the president of defendant company, was continued at the last term, the first trial term, because of the absence of Jared W. Young, a material witness.

Application for a continuance is again made by defendant at this term supported by the affidavit of the "credit manager" of the defendant company and also by affidavit of a member of the bar of the state of Illinois, who is associated with Mr. Bayard, the local counsel for defendant company.

[1, 2] It is the opinion of the court that to support an application for continuance, the affidavit should be made by a party to the action, when the fact relied upon for the continuance is not a matter of record. In case of a corporation party the

affidavit should be made by the president, treasurer or cashier thereof, and it should appear that there is reasonable expectation of the return of the witness in time to testify at the term to which the case is sought to be continued, or the procurement of the deposition of the witness by the next term. 1 *Wooley, Del. Prac.* § 629.

The application for a continuance is refused.